UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TAMMY BLAKE,<br>  *Plaintiff*,<br><br>  v.<br><br>RECOVERY NETWORK OF<br>PROGRAMS, INC.,<br>  *Defendant*. | No. 3:22-cv-19 (VAB) |

**RULING AND ORDER ON MOTION TO COMPEL**

Tammy Blake ("Plaintiff") has sued her former employer, Recovery Network of Programs, Inc. ("RNP" or "Defendant"), alleging violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60 *et seq.* Compl., ECF No. 1-1. Ms. Blake alleges that she was subject to gender-based discrimination while working for RNP and that the company wrongfully terminated her after she requested leave under the Family Medical Leave Act to care for her disabled foster children.

RNP has filed a motion to compel Ms. Blake to (1) produce documents and signed authorizations responsive to RNP's Second Set of Requests for Production ("Second RFPs"); (2) produce tax returns and a signed authorization in response to RNP's Third Set of Requests for Production ("Third RFPs"); and (3) provide date on which Ms. Blake's deposition may be concluded once the requested discovery has been provided. Mot. to Compel, ECF No. 31.

For the following reasons, the motion to compel is **GRANTED in part** and **DENIED in part**.

As to Request 2, the motion is denied without prejudice to renewal after Ms. Blake's production of the financial records requested in the Third RFPs.

As to Requests 7 and 8, the motion is granted in part. Ms. Blake is ordered to produce documentation sufficient to verify her legal status as a foster parent at the times relevant to this case.

As to Requests 9 and 10, the motion is granted in part. Ms. Blake is ordered to produce documentation sufficient to establish the existence of and any cancellation of medical appointments with Bianca Cummings and/or The Child & Family Guidance Center between March 27, 2020, and April 27, 2020.

As to Request 15, the motion is granted.

As to RNP's Third RFPs, the motion is granted, and Ms. Blake is ordered to respond to the Third RFPs.

As to RNP's request for a continued deposition of Ms. Blake, the motion is granted to the extent there is additional time under the Federal Rules of Civil Procedure allotted for completing the deposition. To the extent additional time is requested, RNP's motion is denied without prejudice to renewal based on a more specific showing as to why and how much additional time is needed.

I.      FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, Ms. Blake was hired by RNP as a medicating nurse in 2013 and worked for the company until she was terminated for alleged willful misconduct on April 6, 2020. *See* Compl. ¶¶ 5–6, 22–23.

Ms. Blake alleges that, in February 2018, she was falsely accused of refusing to count a client's pills, which resulted in an aggressive confrontation between her and a male supervisor. *See id.* ¶¶ 9–13. This supervisor also allegedly ignored Ms. Blake's pages for assistance while answering pages from a male nurse. *Id.* ¶ 16. Ms. Blake allegedly filed a hostile work

environment complaint with RNP's human resources department, but she alleges that the complaint was not adequately addressed. *Id.* ¶¶ 17–18.

In March 2020, Ms. Blake allegedly submitted a request for FMLA leave to take her foster children to medical appointments. *Id.* ¶¶ 19, 21. Less than four weeks later, on April 6, 2020, RNP allegedly terminated Ms. Blake's employment based on purported willful misconduct. *Id.* ¶¶ 22–23. Ms. Blake, however, denies that she ever engaged in willful misconduct. *Id.* ¶ 24.

On December 6, 2021, Ms. Blake filed her Complaint in Connecticut Superior Court. Compl. The Complaint asserts claims for FMLA retaliation (Count One); interference with FMLA rights (Count Two); disability discrimination by association under the CFEPA (Count Three); gender-based harassment and hostile work environment under the CFEPA (Count Four); and CFEPA retaliation (Count Five). *Id.* ¶¶ 31–54.

On January 6, 2022, RNP removed the case to federal court on the basis of federal question jurisdiction. *See* Notice of Removal, ECF No. 1.

On April 6, 2022, RNP filed a motion to dismiss, which is also pending before the Court. *See* Mot. to Dismiss, ECF No. 8 ("Mem.").

On June 30, 2022, RNP served its First Set of Interrogatories and Requests for Production. *See* Mem. of Law in Supp. of Mot. to Compel at 2, ECF No. 31-1 ("Mem.").

On September 27, 2022, the case was transferred from Judge Alfred V. Covello to Judge Victor A. Bolden. Order of Transfer, ECF No. 26.

On October 17, 2022, RNP conducted a deposition of Ms. Blake. *See* Mem. at 3. According to RNP, Ms. Blake testified at her deposition that she may be in possession of additional documents related to her claims that she had not produced. *See id.*

On November 4, 2022, in response to this testimony, RNP served its Second RFPs. *See id.* at 4; Ex. E to Pari Aff., ECF No. 31-2 ("Second RFPs").

On November 29, 2022, after Plaintiff's counsel allegedly failed to respond to communications related to these discovery requests, RNP served its Third RFPs. *See* Mem. at 5; Ex. H to Pari Aff. ("Third RFPs").

On January 3, 2023, RNP filed a motion to compel discovery or, alternatively, to schedule a discovery conference. Mot. to Compel.

The next day, the Court denied RNP's motion to compel without prejudice to renewal following a discovery conference. Order, ECF No. 32. The Court also granted RNP's request for a discovery conference, scheduled the conference for February 8, 2023, and directed Ms. Blake to respond to RNP's motion. *Id.*

On January 20, 2023, Ms. Blake filed a response to RNP's motion to compel. Pl.'s Resp. to Def.'s Mot. to Compel, ECF No. 35 ("Opp'n").

On January 24, 2023, the parties filed a Rule 26(f) Report, and on January 25, the Court issued a Scheduling Order. Rule 26(f) Report, ECF No. 36; Scheduling Order, ECF No. 37.

On January 27, 2023, RNP filed a reply in support of its motion to compel. Reply Mem. Re: Def.'s Mot. to Compel, ECF No. 38 ("Reply").

On February 8, 2023, the Court held a zoom discovery conference. *See* Min. Entry, ECF No. 39.

## II.   STANDARD OF REVIEW

Under Fed. R. Civ. P. 26(b)(1), the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If a party fails to produce documents as requested

4

under Rule 34 of the Federal Rules, the party seeking discovery may move for an order compelling production. Fed. R. Civ. P. 37(a)(3). In the case of such a dispute, "[t]he party resisting discovery bears the burden of showing why discovery should be denied." *Cole v. Towers Perrin Forster & Crosby*, 256 F.R.D. 79, 80 (D. Conn. 2009). The Court exercises broad discretion in deciding a motion to compel discovery. *Grand Cent. P'ship. Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999) ("We will not disturb a district court's ruling on a motion to compel discovery unless there is a clear showing of abuse of discretion." (internal quotation marks omitted)).

## III.   DISCUSSION

RNP's motion to compel concerns Requests 1, 2, 7, 8, 9, 10, 11, 12, 13, 14, and 15 in the Second RFPs, to which Ms. Blake has asserted objections. *See* Mem. at 4 n.1.[1]

These requests seek the production of employer records, communications with the Connecticut Department of Children and Families ("DCF"), records related to medical appointments, communications with Bianca Cummings and The Child & Family Guidance Center, and communications with RNP related to Ms. Blake's request for FMLA leave. *See* Second RFPs at 46–48.[2]

RNP also seeks to compel Ms. Blake to respond to the Third RFPs, to which she has not asserted any objections or provided any other response. *See* Mem. at 8. The Third RFPs seek authorization to obtain dates of visits and communications with Bianca Cummings and The

---

[1] RNP also asserts in its motion that Ms. Blake has not yet produced documents in response to those requests to which she did not object. *See* Mem. at 4.

[2] When a document's ECF-generated page numbers differ from the internal page numbers, the ECF-generated page numbers are used.

Child & Family Guidance Center and copies of Ms. Blake's tax returns for the years 2019, 2020, and 2021. Third RFPs at 61.

In her opposition, Ms. Blake concedes that, upon further review, she withdraws her objection to Requests 13 and 14 and will produce any responsive document. Opp'n at 6. At the discovery conference on February 8, 2023, Ms. Blake also withdrew her objections to Requests 11 and 12. In its reply memorandum, RNP withdraws Request 1 because the company had been able to subpoena the requested records directly from Liberation Programs, Inc. *See* Reply at 2.

The Court will address the remaining objections (2, 7, 8, 9, 10, and 15) in turn.

    **A.  Request 2**

In Request 2, RNP seeks "Authorization to obtain wage, attendance and personnel records from all employers from April 6, 2020 to the present, which were identified at Plaintiff's deposition." Second RFPs at 46.

Ms. Blake objects that this request is overbroad, seeks irrelevant information, and is not proportional to the needs of the case. Opp'n at 2. She contends that RNP is entitled to discovery sufficient to establish Ms. Blake's post termination income but may not seek evidence related to Ms. Blake's job performance, particularly when such evidence could be improperly used to show propensity. *See id.*

In response, RNP disputes Ms. Blake's assertion that RNP is improperly seeking propensity evidence, noting that counsel for Ms. Blake never responded to RNP's attempts to discuss these objections. *See* Reply at 2.

The Court agrees with Ms. Blake, for now.

At the discovery conference, counsel for Ms. Blake indicated that Ms. Blake will produce tax- and income-related documentation such as Form W-2s and current employee benefit plan

6

information in response to RNP's Third RFPs. These documents appear to be sufficient to enable RNP to assess Ms. Blake's post-termination income and her claims for damages. *See Pinkard v. Baldwin Richardson Foods Co.*, No. 09-CV-6308T, 2013 WL 1308713, at *6 (W.D.N.Y. Mar. 28, 2013) (authorizing discovery of evidence related to post-termination in come, including W–2 forms, tax returns, and Social Security Administration or Medicaid records or documents). In the event that RNP believes these documents are insufficient, the company may, at that point, renew its request for further information.

Accordingly, the Court will deny RNP's motion to compel as to Request 2, without prejudice to renewal, after Ms. Blake's production of the financial records requested in the Third RFPs.

### B. Requests 7 and 8

In Requests 7 and 8, RNP seeks "Any communications to or from [DCF] or any representatives of DCF regarding" Ms. Blake's "status as a 'foster parent,'" and "any assessment(s) conducted by DCF regarding [her] status as a 'foster parent.'" Second RFPs at 47.

Ms. Blake objects that these requests are overbroad, seek irrelevant information, and are not proportional to the needs of the case. Opp'n at 3. She contends that these requests are unlimited in time and subject matter and would require her to produce "every single documented communication between herself as a foster parent and the DCF." *Id.*

In response, RNP argues that the requests are appropriate and narrowly tailored to seek the discovery of relevant information in light of the fact that Ms. Blake's FMLA claims are premised on her alleged foster relationship with her two nieces. Reply at 3.

The Court agrees, in part.

As discussed with the parties at the discovery conference, the purpose of this request is to enable RNP to assess Ms. Blake's eligibility for FMLA leave based on Ms. Blake's allegation that she is a foster parent to her nieces. Thus, the Court will limit RNP's requests to documentation sufficient to verify Ms. Blake's legal status as a foster parent. So limited, this Order will not require Ms. Blake to produce every communication between herself "as a foster parent" and DCF.

Accordingly, the Court will grant in part RNP's motion to compel as to Requests 7 and 8. Ms. Blake is ordered to produce documentation sufficient to verify her legal status as a foster parent during the period relevant to this case.

### C. Requests 9 and 10

In Request 9, RNP seeks "[a]ppointment cards, notes, calendars, reminders, texts or other documentation reflecting the dates and times of medical appointments for Jazell Ingram with Bianca Cummings and/or The Child & Family Guidance Center" between March 27, 2020, and April 7, 2020, as well as the cancellation of any such appointments. Second RFPs at 47. In Request 10, RNP seeks "[d]ocumentation, including emails, phone records, notes, texts reflecting any communications with Bianca Cummings and/or The Child & Family Guidance Center" over the same time period. *Id.*

As with the prior sets of objections, Ms. Blake argues that these requests are overbroad, seek irrelevant information, and are not proportional to the needs of the case. *See* Opp'n at 4. As to Request 9, she argues that the FMLA prohibits employers from requiring an employee to provide a health care provider's note every time she takes approved intermittent leave under the FMLA. *Id.* (citing *Smith v. CallTech Commc'ns, LLC*, No. 2:07-cv-144, 2008 WL 4533667, at *5–6 (S.D. Ohio Oct. 3, 2008)). As to Request 10, Ms. Blake argues that it is unlimited in subject

matter and will require Ms. Blake to produce documents containing her foster children's personal health information. *Id.* at 5. Ms. Blake also argues that both requests seek irrelevant after-acquired evidence because RNP was unaware of these appointments at the time it engaged in the conduct at issue in this case. *Id.*

In response, RNP argues that it seeks only non-medical information aimed at verifying statements Ms. Blake made during her deposition regarding her efforts to obtain an FMLA certification from this health care provider. Reply at 3. RNP also contends that this evidence is relevant to assessing Ms. Blake's claim that she needed time off from work to take her niece to an appointment.

The Court agrees, in part.

Although appointment dates themselves may convey confidential information, Requests 9 and 10 permissibly seek information probative of the timing of Ms. Blake's efforts to obtain an FMLA certification and whether Ms. Blake was, in fact, entitled to take FMLA leave because she needed to take her foster children to medical appointments. As discussed with the parties during the discovery conference, this information is relevant to Ms. Blake's claims.

The Court also agrees with RNP that requiring production of these types of non-medical records bears little resemblance to an employer's policy of requiring a doctor's note justifying each instance of FMLA leave. Nonetheless, Ms. Blake need not produce every communication with Ms. Cummings and The Child & Family Guidance Center during the relevant period. Instead, RNP's request will be limited to documentation sufficient to establish the existence of any medical appointments during this period.

Accordingly, the Court will grant in part RNP's motion to compel as to Requests 9 and 10. Ms. Blake is ordered to produce documentation sufficient to establish the existence of and

9

any cancellation of medical appointments with Bianca Cummings and/or The Child & Family Guidance Center between March 27, 2020, and April 27, 2020.

### D. Request 15

In Request 15, RNP seeks "[d]ocumentation, including emails, texts, phone records or other communications with Liberation Programs or any representative of Liberation Programs in March 2020."

Ms. Blake asserts the same objections raised as to Requests 11 and 12, arguing that RNP seeks after-acquired evidence irrelevant to the issues in this case. *See* Opp'n at 7.

In response, RNP argues that this request properly seeks information relevant to Ms. Blake's deposition testimony regarding "what she was doing at Liberation and when she agreed to do it." Reply at 4.

The Court agrees.

As discussed with the parties, the evidence sought may be relevant to Ms. Blake's claims. Even assuming that Ms. Blake's communications with Liberation Programs are not probative of RNP's reasons for terminating Ms. Blake, this evidence may be probative of whether Ms. Blake was eligible for and validly exercised her FMLA rights during the relevant period. At this stage of the litigation, the Court need not resolve whether the evidence sought would ultimately be admissible. *See Griffith v. United States*, No. M8-85 (JFK), 2007 WL 1222586, at *2 (S.D.N.Y. Apr. 25, 2007) ("Relevance under Federal Rule 26 is far broader than the standard under Federal Rule of Evidence 401, which governs the standard at trials.").

Accordingly, the Court will grant RNP's motion to compel as to Request 15.

### E. The Third RFPs

In its Third RFPs, RNP seeks an authorization "to obtain dates of visits/communications with Ms. Bianca Cummings [or The] Child and Family Guidance Center, including relating to the FMLA Certification dated April 7, 2020, in March and April 2020," as well as Ms. Blake's tax returns for the years 2019, 2020, and 2021. Third RFPs at 61.

Ms. Blake does not address these requests in her opposition to the motion to compel, and counsel for Ms. Blake did not raise any objections to these requests at the discovery conference.

Accordingly, the Court will grant RNP's motion to compel as to the Third RFPs and order Ms. Blake to respond to these requests.

### F. The Request to Continue Ms. Blake's Deposition

RNP asserts that Ms. Blake's deposition was suspended "due to the time, and to address the confidentiality issues raised by Plaintiff's counsel." Mem. at 8. RNP now seeks an order requiring Ms. Blake to continue her deposition after complying with this Court's order regarding the Second and Third RFPs.

Ms. Blake has not addressed this request in her opposition and did not raise any objection during the discovery conference.

Accordingly, as discussed with the parties during the conference, the Court will grant RNP's motion to compel Ms. Blake's appearance at her continued deposition, to the extent there is additional time under the Federal Rules of Civil Procedure allotted for completing the deposition. *See* Fed. R. Civ. P. 30(d)(1) ("Unless otherwise stipulated or ordered by the Court, a deposition is limited to 1 day of 7 hours."); *see also Silano v. Wheeler*, No. 3:13-cv-185 (JCH), 2014 WL 2515318, at *1 (D. Conn. June 4, 2014) (granting a motion to compel a continued deposition when the deposition was left open and the plaintiff had filed a new amended

11

complaint). To the extent additional time is requested, the motion is denied, without prejudice to renewal, based on a more specific showing that the additional time is needed.

## IV. CONCLUSION

For the foregoing reasons, RNP's motion to compel is **GRANTED in part** and **DENIED in part**.

As to Request 2, the motion is denied without prejudice to renewal after Ms. Blake's production of the financial records requested in the Third RFPs.

As to Requests 7 and 8, the motion is granted in part. Ms. Blake is ordered to produce documentation sufficient to verify her legal status as a foster parent at the times relevant to this case.

As to Requests 9 and 10, the motion is granted in part. Ms. Blake is ordered to produce documentation sufficient to establish the existence of and any cancellation of medical appointments with Bianca Cummings and/or The Child & Family Guidance Center between March 27, 2020, and April 27, 2020.

As to Request 15, the motion is granted.

As to RNP's Third RFPs, the motion is granted, and Ms. Blake is ordered to respond to the Third RFPs.

As to RNP's request for a continued deposition of Ms. Blake, the motion is granted to the extent there is additional time under the Federal Rules of Civil Procedure allotted for completing the deposition. To the extent additional time is requested, RNP's motion is denied without prejudice to renewal based on a more specific showing that the additional time is needed.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of February, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE